Parsons, C. J.
If the plaintiff has a right to abandon, it must be for some cause which happened before the voyage to St. Andero was discontinued; for afterwards the defendants are not answerable for any loss, as it could not have happened in the voyage insured.
The plaintiff claims a total loss, because the voyage insured is totally lost. The defendants oppose this claim, because, although the voyage was lost, it was not lost by any of the perils insured against.
By the orders in council, the port of St. Andero was put in a state of blockade : by the boarding of the brigantine, and the warning given by the British ship of war, the master had notice of the blockade. Had he afterwards proceeded on his voyage to St. Andero, his vessel and cargo would probably have been captured and condemned, on the ground of the cargo being contraband. To avoid the danger he was thus exposed to, he discontinued his voyage ; and it does not appear that the defendants insured against capture for having a contraband cargo on board, although it is our opinion that such insurance is not prohibited by the laws of the commonwealth.
We are satisfied that the boarding and warning by the ship of war was not capture, arrest, or detention, which would authorize the plaintiff to abandon ; that the voyage was lost through a just and reasonable fear of capture, for having a contraband cargo on board ; that the defendants did not insure against a capture for this cause; and that if they had so insured, a fear of capture, however reasonable, is not a peril insured against. Losses by capture are indeed insured against, but not losses through fear of capture.
* These principles have been fully considered in the [*124] *102 late case of Richardson & Al. vs. The Maine Fire and Marine Insurance Company, and we see no reason to alter the opinion we there gave.
Story for the plaintiff.
Prescott for the defendants.
On other facts stated in the case, the defendants objected, that the offer to abandon was not made in a reasonable time; but there is no occasion of considering that objection.
We are therefore of opinion that the plaintiff is not entitled to recover upon the case stated; and pursuant to the agreement of the parties, judgment must be rendered, that the plaintiff take nothing by his writ, and that the defendants recover their reason able costs. (1)

 [See note to preceding case. — Ed.]